The County of Lee *vs.* Walden, administratrix.

1. Affidavits of illegality are amendable instanter, upon motion and leave of the court granted, by the insertion of new and independent grounds, whenever the defendant will swear that he did not know of such grounds when the original affidavit was filed.
2. That a case involves other matters than those of account does not make it necessary to send it in its entirety to an auditor.   He examines and reports upon such matters only as he is directed to consider.   Upon the return of such a report, exceptions of fact having been filed, the verdict of a jury thereon settled only the facts involved in the issues made, leaving other branches of the case undisposed of as before.
3. Execution may be issued against one who has funds of a county

in his hands, or against a defaulting tax collector and the sureties on his bond ; but an execution founded on his bond cannot be enforced on the ground that he has public money in his hands, where it appears that he did not in fact give a bond. To hold him liable for public funds held by him, a proper execution must be issued.

Executions. Amendment. Practice in Superior Court. Auditors. Bonds. County Matters. Before Judge CRISP. Lee Superior Court. November Term, 1881.

Reported in the decision.

F. H. WEST; R. F. LYON, for plaintiff in error.

K. J. WARREN ; W. A. HAWKINS, for defendant.

CRAWFORD, Justice.

On the 8th day of December, 1871, the ordinary of Lee county issued an execution against Gadsey Walden, administratrix of W. H. Walden, of said county, and his securities for the sum of $1,436.77, and $362.72 penalty and interest for failing to pay over the principal sum aforesaid, with twenty per cent. interest until paid.

To this *fi. fa.* the administratrix filed an affidavit of illegality upon several grounds ; all were dismissed on demurrer except that denying the indebtedness of the deceased tax collector, which was referred to an auditor. His report was made at the November term, 1880, of the superior court, and to which exceptions of law and fact were filed by the defendant.

At the same term of the court the defendant amended her affidavit of illegality, upon the ground that her intestate did not sign, seal, or deliver any bond as tax collector, and that such fact was wholly unknown to her when her first affidavit was made. Objection was made to the reception of this amended affidavit by plaintiff's counsel, upon the grounds, first, that it made a new case ; second,

that it came too late; third, that the defendant could have known it; and fourth, that defendant's intestate held county funds. These objections being overruled, plaintiff's counsel excepted *pendente lite*, and that ruling makes the first question for our consideration.

1. Affidavits of illegality are amendable upon motion and leave of the court *instanter* by the insertion of new and independent grounds, whenever the defendant will swear that he did not know of such grounds when the original affidavit was filed. Code, §3501.

The case, then at the November term, 1880, stood before the court on the auditor's report as to the amount due, the defendant's exceptions thereto, and the new ground set out in the amended affidavit of illegality. At the November term, 1881, the exceptions of fact were tried by a jury, and a verdict returned finding in favor of the defendant, and allowing her $685.00 as a credit upon the *fi. fa.*

The court then proceeded to the consideration of the amended affidavit of illegality, which the parties agreed to submit to the judge for trial on the law and facts without a jury.

Plaintiff demurred to the affidavit, first, because it went behind the judgment; second, because the liability of the defendant had been fixed by the auditor upon the issues tried; third, because the *fi. fa.* was proceeding only against the property of the intestate who held money collected from taxes in his hands, and was liable whether he gave a bond or not. The demurrer was overruled on each of the grounds, and the plaintiff excepted.

2. Ample provision is made by law for the issuance of executions by the ordinary of a county against all persons who may have in their hands any money belonging to the county. Provision is also made for defendants in such executions to file affidavits of illegality where they issue for too much, or where they deny owing the same under the rules governing other illegalities. Code, §§524, 525.

Auditors may be appointed at law, as in equity, in all cases involving account. That causes involve other matters than account does not make it necessary for the court to send them all to be inquired of by the auditor. He examines and reports only upon such as he is directed, and when returned they may be excepted to, and those of fact go to a jury. When a verdict is rendered thereon, it settles only the facts upon the issues made, leaving all other matters undisposed of as before. Code, §3097.

Thus the verdict in this case did no more than dispose of the issues submitted, and the court did not err in taking up those questions which had not been sent down to the jury.

3. Nor do we think that the amended affidavit should have been dismissed on the third ground, for the reason that the effect of the demurrer was to admit that, even if there were no bond, the defendant would be liable, although the execution had been founded upon one, if it were only proceeding against his property.

The judge, after the evidence was submitted, found that the ordinary had no authority to issue the *fi. fa.* upon such a bond, it having been made to appear that none but the securities had signed it, and the *fi. fa.* being against the principal and his securities, and it further appearing that the said *fi. fa.* was issued upon the same. The court thereupon sustained the amended affidavit of illegality, and adjudged that the *fi. fa.* was proceeding illegally against the property of the defendant's intestate.

A motion was made for a new trial on the issues submitted to the jury, but none on the finding upon the issues of fact tried by the judge. The former was granted upon terms as to one issue, which were accepted, and refused upon the other, two only being submitted to the jury.

We hold that, as the judge found upon the trial before him that the *fi. fa.* was founded upon a bond not signed by the defendant's intestate, that the same was illegally proceeding and was properly arrested.

v 68—44

We are, however, not to be understood as holding that for any amount of the public money in the hands of the defendant's intestate at the time of his death, that his estate is not liable therefor under a proper *fi. fa.;* we only say that he cannot be held liable under a bond upon which this *fi. fa.* was issued, wherein his name does not appear.

It is unnecessary to rule the questions made on the motion for a new trial, and to dismiss this writ of error, as the decision which we here pronounce disposes of the case.

Judgment affirmed.